# EXHIBIT A

Fulton County Superior Court
***EFILED***JD
Date: 12/23/2021 2:27 PM
Cathelene Robinson, Clerk

IN THE _Superior_ COURT OF _Fulton_ COUNTY

STATE OF GEORGIA

_Racquel Bragg_,
Plaintiff
v.
_Marriott International, Inc_
Defendant

CIVIL ACTION  2021CV358257
NO. _____

COMPLAINT FOR _ADA Discrimination, Wrongful termination, Labor Law violation_

Now comes _R. Bragg_____, plaintiff in the above-styled action, and states his

complaint as follows:

The defendant is _Marriott International Inc._ who is a resident of _10400 Fernwood Rd._ Street,

City of _Bethesda_, _____ County, ~~Georgia~~ _MD_, and is subject to the jurisdiction of

this court.

2. *List short and plain statement in separately numbered paragraphs of claim sued upon.*

_I underwent a suspension march 2020 afte_

_I went to HR concerning a discrimination act_

_with my disease. see attached. I had_

_documentation that showed the allegations to be fa_

3. *List statement of damages, with items of special damages stated specifically.* _see attached._

_but was still fired_

WHEREFORE, plaintiff demands judgment against defendant for the sum of $_____,
together with interest and the costs of this action.

Plaintiff Racquel Bragg
Address 3564 Piedmont Rd. NE Apt. 108 Atl, GA
Telephone number 404-549-2570      30305

IN THE _Superior_ COURT OF _Fulton_ COUNTY
STATE OF GEORGIA

_Racquel Bragg_
Petitioner

Civil Action File No:

vs _Marriott International Inc_
Respondent

VERIFICATION

I, (your name) _R. Bragg_ , personally appeared before the undersigned Notary Public, and say under oath that I am the (check one:)
☑ Petitioner ☐ Respondent in the above styled action and that the facts stated in the

(name of petition, motion, complaint) _Complaint_

are true and correct.
This the _22nd_ day of _Dec._ , 20 _21_
[day]              [month]              [year]

_____
(Sign your name here in front of the Notary)

Name (print or type here):

_Racquel Bragg_
Address:
_3564 Piedmont Rd. NE Apt. 108._
_Atl, GA 30305_

Telephone number:
_(404) 549-2570_

Sworn to and subscribed before me, this
_22nd_ day of _Dec._ , 20 _21_ .

_Marvin Wooley_
NOTARY PUBLIC
My Commission Expires: _1/21/2023_
(Notary Seal)

MARVIN V. OOLEY
NOTARY
PUBLIC
COMMISSION
EXPIRES
Jan. 21, 2023
DEKALB COUNTY, GA

# BUCKLEY | BEAL

**RACHEL BERLIN BENJAMIN**
EMAIL: RBERLIN@BUCKLEYBEAL.COM

**ANNIE BORING**
EMAIL: ABORING@BUCKLEYBEAL.COM

August 19, 2020

VIA EMAIL to XX

Ms. Rena Reiss
Executive Vice President and General Counsel
Marriott International, Inc.
10400 Fernwood Rd.
Bethesda, MD 20817

>     RE:     *Racquel Bragg v. Marriott International, Inc.*
>             EEOC Charge No. 410-2020-07104

Ms. Reiss:

This law firm and the undersigned have been retained by Racquel Bragg in response to the disability discrimination she faced when Marriott International, Inc. ("Marriott") failed to accommodate her and terminated her because of her visual disability, and in retaliation for her protected activity, in violation of the Americans with Disabilities Act, Amendments Act ("ADAAA"). Attached is the EEOC Charge we have filed on Ms. Bragg's behalf.

## Background

Ms. Bragg, who is severely visually impaired, was hired as a Bilingual-Spanish Massage Technician with Marriott International, Inc. ("Marriott") to work at the W Hotel in downtown Atlanta in December 2019. From the start, Ms. Bragg was subject to an unprofessional and discriminatory work environment at the hands of her direct supervisor, Ms. Kateesha Shoates-Johnson, who failed to provide Ms. Bragg with any training, failed to accommodate her, and subjected her to disparate treatment that worsened over time. When Ms. Bragg ultimately complained to HR that she was being discriminated based on her disability, she was terminated less than a week later.

## Ms. Bragg's Disability and Accommodation Requests

In 1997, when Ms. Bragg was 17 years old and had just begun college, she was in a terrible car accident that caused her visual impairment. She was diagnosed with severe optical nerve damage, central and peripheral vision impairment, and traumatic glaucoma as a result of the blunt trauma from the accident. Over the past 23 years, Ms. Bragg's impairment has progressively worsened to the point where she no longer has any usable vision in her left eye, and has only minimal peripheral sight in her right eye, with only the lower right quadrant still functional. Her visual disability is outwardly obvious – she uses a cane at all times, and her eyes are two different colors. She cannot drive or read labels, and requires the assistance of a cane to walk in unfamiliar places.

despite all the tragic life change, Ms. Bragg has not allowed her visual disability to set her back. Indeed, she has amassed serious clout as one of the most sought-after massage technicians in Atlanta. Not only is Ms. Bragg a Licensed Massage Technician ("LMT") in the state of Georgia and three other states, but she is one of a small number of licensed *Medical Massage Practitioners* ("MMPs") in the state. Ms. Bragg has been celebrated in local media, has received a plethora of positive online reviews, and has never had a complaint lodged against her.

When Ms. Bragg interviewed for the Massage Tech position with Marriott, she discussed her visual disability with Ms. Shoates-Johnson and another supervisor, Judy (last name unknown). Ms. Bragg explained the nature of her vision impairment, and requested certain related accommodations. For example, Ms. Bragg explained that she utilized specific iPhone/Apple technology and applications to assist her in reading labels and documents, and also to receive spoken updates about her work schedule that could be sent to her via text message. Because she relied on this technology, Ms. Bragg requested that she be able to keep her phone with her at all times. Shoates-Johnson and Judy initially indicated that this would not be a problem and that Ms. Bragg could use her phone as an aid.

In addition, upon learning that Marriott employees used a touchscreen log-in and timekeeping system that did not have speaking capabilities, Ms. Bragg explained that she would need some type of accommodation. While the touchscreen system allowed for a fingerprint sign-in, it required that an employee push specific buttons on the touch screen to reach the fingerprint screen, which Ms. Bragg could not do. When Ms. Bragg initially discussed this issue with Shoates-Johnson and Judy, Shoates-Johnson indicated that she and other employees would simply assist Ms. Bragg with signing-in. In addition, Shoates-Johnson indicated that there might be a scheduling app available that Ms. Bragg could use to access the schedule from her phone. However, when Ms. Bragg attempted to download and access this app, she learned that it was not compatible with the adaptive technology for visually impaired users that she utilized. In addition, Ms. Bragg later learned that Shoates-Johnson had given her the wrong login information, and, further, that the app did not have the capabilities or functions that Shoates-Johnson had indicated.

When Ms. Bragg approached Shoates-Johnson to explain that the app did not work with her assistive technology and that the login information was incorrect, Shoates-Johnson ignored her and instead berated Ms. Bragg for failing to use the app for timekeeping and clocking-in. Shoates-Johnson told Ms. Bragg that members of the HR Department were upset with her for changing and updating Ms. Bragg's schedule in the system. But when Ms. Bragg then spoke with two members of the HR Department -- Rachel (last name unknown) and Afaf Drief -- about the timekeeping issue, they told Ms. Bragg that Shoates-Johnson had complete authority and HR's support to offer any accommodations that Ms. Bragg needed with respect to the timekeeping and touchscreen software. At that time, Ms. Bragg offered to provide any medical documentation necessary to support her accommodation requests; however, Rachel and Ms. Drief explained that it was not necessary and that Marriott would provide her all requested accommodations.

In addition to chastising Ms. Bragg for not using the touchscreen system or the faulty timekeeping app, Shoates-Johnson also began to reprimand Ms. Bragg for her use of her phone as a visual aid. Shoates-Johnson told Ms. Bragg that the use of a cell phone while in the massage rooms was against company policy and asked Ms. Bragg to stop using her phone. In response, Ms. Bragg explained (again) that she used her phone as an aid to receive updates about her schedule and to read labels, as discussed upon her hire. In addition, Ms. Bragg confirmed that her phone was on "do not disturb" for all non-work related purposes, and committed to keeping her phone as inconspicuous as possible, per Shoates-Johnson's request. Yet, Shoates-Johnson continued to hound her about her phone use. Indeed, on one occasion, Shoates-Johnson grew frustrated with Ms. Bragg and commented, *"I don't know how this is going to work after all,"* in reference to Ms. Bragg's visual impairment.

## Ms. Bragg's Protected Activity and Subsequent Termination

In late February and early March 2020, Shoates-Johnson's treatment of Ms. Bragg culminated in Ms. Bragg's unlawful termination. On February 29, 2020, Ms. Bragg was scheduled to be at work at 1:45 p.m. On that day, Ms. Bragg had had an earlier appointment in the downtown Atlanta area that morning at the Atlanta Volunteer Lawyers Foundation ("AVLF"). After her meeting at AVLF, Ms. Bragg, with the assistance of an AVLF staff member, attempted to call a Lyft to take her the short distance to work at the W Hotel. However, she and the AVLF staffer encountered difficulties in requesting a Lyft –the wait times were extremely long and the drivers kept cancelling, likely due to road closures related to Olympic trials going on in the

downtown Atlanta area.

Ms. Bragg immediately called Shoates-Johnson multiple times to explain what was happening and to request assistance and figure out a solution. Because the AVLF office was not far from the W Hotel, Ms. Bragg asked if a Marriott employee could meet her and walk her back to the W Hotel. Shoates-Johnson refused, and essentially told Ms. Bragg to figure it out herself. Eventually, much later, a Lyft was able to access the roads to arrive at the AVLF office. Ms. Bragg again updated Shoates-Johnson that the Lyft indicated that it would only take her five minutes to arrive at the W Hotel. However, new road closures inhibited the route and the Lyft app began to re-route away from the W Hotel and onto the highway. Ms. Bragg continued to update Shoates-Johnson, who then told Ms. Bragg to ask the driver to drop her off at any random MARTA station, and further requested that Ms. Bragg find her way to work from there. Ms. Bragg explained that she could not navigate an unfamiliar MARTA station due to her disability. Moreover, the Lyft driver rightly refused to drop a visually impaired individual off in an unknown location where she was not comfortable. In the face of this unexpected difficulty, Shoates-Johnson was unforgiving and unwilling to work with Ms. Bragg.

After this incident, on March 3, 2020, Ms. Bragg went to Marriott's HR office to file an official complaint about discriminatory treatment by Shoates-Johnson. When she arrived at the HR office, she began to discuss her concerns with James (last name unknown), a member of the HR staff. At that time, James then issued her a suspension written by Shoates-Johnson. Because of Ms. Bragg's disability, James had to read the suspension out loud to her. Ms. Bragg was shocked, as the suspension included references to past "incidents" that had never previously been discussed with Ms. Bragg, by Shoates-Johnson or anyone else. In addition, Ms. Bragg wholeheartedly disputed the description of events listed the suspension, which included incorrect information about her work schedule and about communications that had occurred between Ms. Bragg and Shoates-Johnson.

At this meeting, Ms. Bragg then provided James with documentation to support that the content described in the suspension was factually inaccurate. She also complained to James that Shoates-Johnson was discriminating against her based on her disability and asked about filing a formal grievance. In response, James directed Ms. Bragg to speak to Ms. Drief, who was in a meeting at the time. When Ms. Drief returned to the HR office, Ms. Bragg spoke with her about the suspension. Ms. Bragg told Ms. Drief that she disputed the contents of the suspension and also provided documents and communications to disprove the allegations included in the suspension. Like with James, Ms. Bragg complained to Ms. Drief that Ms. Shoates-Johnson was discriminating against her based on her disability. Ms. Bragg also asked Ms. Drief how she could file a formal written grievance regarding discriminatory treatment by Shoates-Johnson. But Ms. Drief responded by telling Ms. Bragg that she could not file a formal complaint until after she (Ms. Drief) had conducted an "official investigation." Ms. Drief told Ms. Bragg that she would conduct this investigation and then inform her of the findings in three days.

Three days later, on March 6, 2020, Ms. Bragg called Ms. Bragg and told her that she needed additional time to conduct the "investigation." Then, on March 9, Ms. Drief called Ms. Bragg and told her that she was being terminated. Ms. Bragg requested any documents or information related to Ms. Drief's "investigation" and also requested a formal termination notice that indicated a reason that she was being fired. Ms. Drief refused to provide any documents related to her supposed investigation and initially refused to provide Ms. Bragg with a formal termination notice. She told Ms. Bragg that the suspension would suffice as her termination notice. When Ms. Bragg complained that she needed to know the reason for her termination, Ms. Drief changed the word "suspension" to "termination" on the document Ms. Bragg had previously received. Ms. Bragg later learned that Ms. Drief and Shoates-Johnson are close friends.

## Legal Claims

Ms. Bragg has strong claims for discrimination, retaliation, and failure to accommodate under the Americans with Disabilities Act, Amendments Act ("ADAAA"). To state a claim for disability discrimination under the ADAAA, a plaintiff must show that she (1) has a qualifying disability; (2) can perform the essential functions of the job with or without reasonable accommodations; and (3) was discriminated against because of her disability. *Holly v. Clairson*

*Indus., LLC,* 492 F.3d 1247, 1256 (11th Cir. 2007).

Ms. Bragg can easily make out a *prima facie* case of discrimination. As an individual with severe optical nerve damage and traumatic glaucoma, a severe visual impairment hat substantially limits her ability to see and read written text, she unquestionably has a disability within the meaning of the ADAAA. 29 CFR 1630.2(j)(3)(iii) ("blindness substantially limits seeing"). Ms. Bragg could also perform the massage technician job with or without reasonable accommodation. Indeed, she had five years of experience as a massage therapist and a slew of licenses, certifications, and accolades highlighting her skills. *Clark v. Coats & Clark,* 990 F.2d 1217, 1227 (11th Cir. 1993) (inferring job qualifications from years of experience); *Damon v. Fleming Supermarkets of Florida, Inc.,* 196 F.3d 1354 (11th Cir. 1999) (same). While Marriott initially indicated that any accommodation she needed would be provided, Shoates-Johnson refused to provide Ms. Bragg a reasonable accommodation related to the touchscreen timekeeping system, and instead berated Ms. Bragg for failing to use the touchscreen software or the faulty timekeeping app that did not actually work. In addition, Shoates-Johnson chastised Ms. Bragg for using her phone and thus the visual assistive technology it housed, even though Ms. Bragg's use of her phone as an aid had been discussed and approved upon her hire. Marriott and Shoates-Johnson never indicated that providing Ms. Bragg with these accommodations was at all problematic. *Jernigan v. Bellsouth Telecommunications, LLC,* 17 F.Supp.3d 1317, 1321 (N.D. Ga. 2014) (explaining that upon a showing that a reasonable accommodation exists, the burden shifts to the employer to prove that the plaintiff's requested accommodation imposes an undue hardship). Further, Marriott's failure to actually provide these reasonable accommodations, and instead punishing of Ms. Bragg, "itself constitutes discrimination" under the ADAAA. *Clairson Indus., L.L.C.,* 492 F.3d at 1262; *see also Nadler v. Harvey,* No. 06-12692, 2007 WL 2404705, at *8 (11th Cir. Aug. 24, 2007) (noting that there is "no need to prove discriminatory motivation" in a failure to accommodate case).

Marriott also cannot dispute that Ms. Bragg was discriminated against because of her disability. Indeed, when Ms. Bragg was faced with an unknown obstacle in the form of Olympic trial road closures that prevented her access to work, Shoates-Johnson responded by suggesting that Ms. Bragg "find a MARTA station" and subsequently punished Ms. Bragg with a suspension for her absence. Instead of engaging with Ms. Bragg to figure out how to allow her to get to work or to find a substitute, Ms. Shoates-Johnson and Marriott suspended her in violation of the ADAAA. *See* 29 C.F.R. § 1630.2(o)(3) (explaining that "it may be necessary for the covered entity to initiate an informal, interactive process with the individual with a disability in need of the accommodation").

Ms. Bragg can also maintain a claim for retaliation under the ADAAA. As with Title VII retaliation claims, a plaintiff bringing an ADAAA retaliation claim must allege that (1) she engaged in statutorily protected activity; (2) she suffered a materially adverse employment action; and (3) a causal relationship between the two events exists. *Frazier-White v. Gee,* 818 F.3d 1249, 1258 (11th Cir. 2016). Here, Ms. Bragg engaged in multiple instances of protected activity. First, she engaged in protected activity on multiple occasions when she asked for accommodations related to using her phone as an aid, related to the touchscreen log-in system, and related to accessing the workplace on February 29. *Id.* (holding that first element of an ADA retaliation *prima facie* case "may be met by a request for a reasonable accommodation"). Then, on March 3, she verbally complained that she was being subject to discrimination based on her disability to James, Ms. Drief, and Rachel. She even requested that she be able to file a formal grievance, but Ms. Drief told her that she could not do so until after she had completed her "formal investigation." Six days after Ms. Bragg's verbal complaints, she was terminated on March 9, 2020. *Hulbert v. St. Mary's Health care System, Inc.,* 439 F.3d 1286, 1298 (11th Cir. 2006) ("Close proximity between protected conduct and an adverse employment action is generally sufficient circumstantial evidence to create a genuine issue of material fact of a causal connection.") Further, Ms. Bragg was not afforded an opportunity to appeal her suspension or her termination, in violation of Marriott's stated official policy. *Hurlbert v. St. Mary's Health Care Sys., Inc.,* 439 F.3d 1286, 1299 (11th Cir. 2006); *Bass v. Bd. of County Com'rs, Orange County, Fla.,* 256 F.3d 1095, 1108 (11th Cir.2001) (noting that an employer's deviations from established policy provide strong indication of pretext).

### Settlement Offer

Since Ms. Bragg was fired, there was an outbreak of the Coronavirus 2019 (COVID-19) disease. Despite her efforts, it has been virtually impossible for our client to interview for new positions and obtain a new job. As such, Ms. Bragg is now facing the grim possibility of

long-term unemployment in a tanking economy. Facing this stark reality, it may very likely be a long time before Ms. Bragg will becomes reemployed.

While we are confident of Ms. Bragg's claims, we believe that all parties would be best served by a prompt agreement that will make Ms. Bragg whole and allow her to move forward. As such, Ms. Bragg will agree to withdraw her EEOC Charge and release her claims against Marriott in exchange for the following a mutually agreement settlement in the amount of **$200,000**, which reflects her lost back pay, front pay, compensatory damages, and attorney's fees. In addition, any agreement would include a provision that Marriott give Ms. Bragg a neutral reference when contacted.

In the meantime, please be advised that Marriott and its employees are required to preserve documentary and other evidence relevant to this litigation and anticipated litigation, including but not limited to all personnel, human resources, and pay records; all electronic communications (including text messages and emails) to or from any supervisor or employee related to any of the facts set forth in Ms. Bragg's EEOC Charge or this letter; and all documents related to any other complaints of disability discrimination or retaliation. <u>Failure to identify, preserve, and retain the hard-copy data and ESI may constitute spoliation of evidence and could subject Marriott to claims for damages as well as evidentiary and monetary sanctions.</u>

Under the circumstances, we believe that this is a reasonable proposal. If we do not hear from you by <u>September 4, 2020</u>, we will proceed with Ms. Bragg's claims.

Sincerely,

Rachel Berlin Benjamin

Rachel Berlin Benjamin

Annie Boring

Annie Boring

Enclosure
*EEOC Charge*

**BUCKLEY BEAL LLP**
600 Peachtree Street NE, Suite 3900, Atlanta, GA 30308 p 404.781.1100 f 404.781.1101

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse side before completing this form.

| ENTER CHARGE NUMBER |
| --- |
| ● FEPA |
| X EEOC |

_____ and EEOC
(State or local agency, if any)

| NAME (Indicate Mr., Ms., or Mrs.) | Home Telephone No. | Date of Birth |
| --- | --- | --- |
| Ms. Racquel Bragg | (470) 446-9501 | |

STREET ADDRESS (CITY, STATE AND ZIP CODE (COUNTY)
109 Roswell Ct., NE, Atlanta, GA 30305

NAME IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER |
| --- | --- | --- |
| Marriot International, Inc. (W Hotel – Downtown Atlanta Location) | 500+ | 404-582-5800 |

STREET ADDRESS   CITY, STATE AND ZIP CODE
45 Ivan Allen Jr. Blvd. NW, Atlanta, GA 30308

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)
___ RACE  ___ COLOR  ___ SEX  ___ RELIGION  ___ NATIONAL ORIGIN
___ AGE  X RETALIATION  X DISABILITY  ___ OTHER

| DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (Month, day, year) |
| --- |
| March 13, 2020 |

1. My name is Racquel Bragg. I was employed as a Massage Technician with Marriot International Inc., at the W Hotel in Downtown Atlanta until I was unlawfully terminated on March 13, 2020.

2. I am severely visually impaired, with traumatic glaucoma, and am a qualified individual within the meaning of the Americans with Disabilities Act, Amendments Act ("ADAAA"). Marriot, and my supervisor Kateesha Shoates-Johnson were aware of my disability.

3. When I started as a Massage Tech with Marriot, I requested a reasonable accommodation relating to the clock-in and clock-out system. Massage Techs at Marriot were required to use a mandatory touch-screen clock-in system; while the system allowed for a fingerprint sign-in, you had to push specific buttons on the touch screen to reach the fingerprint sign-in screen. I requested assistance clocking-in and out. My supervisor, Ms. Shoates-Johnson, granted this accommodation and told me that she would clock in and out of the system for me. Later, however, she would berate me for not clocking in and out. On one occasion, after reminding her that I could not clock in and out, she told me, "I don't know how this is going to work after all," referencing my visual impairment.

4. On February 29, 2020, I was scheduled to be at work at 1:30 p.m. I usually took Lyft or Uber to work. However, on this day, Olympic trials were going on in downtown Atlanta. As a result, my Lyft was stuck in standstill traffic and I knew I would be unable to make it to work on time. I called my supervisor to request an accommodation. I asked that someone meet me and walk me to the W Hotel, since I was not far away, but my supervisor refused. Instead, she told me to get out of my Lyft and find a MARTA station, which I explained I could not do because of my disability.

5. After this incident on February 29, 2020, I received a written suspension for attendance. On March 3, 2020, I complained to HR that I was being subject to discrimination based on my visual impairment and disability. Ten days later, I was fired, on March 13, 2020.

6. I have been subject to unlawful discrimination and retaliation due to my disability in violation of the ADAAA.

| ● I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements) |
| --- | --- |
| I declare under penalty of perjury that the foregoing is true and correct.  Date      Charging Party (Signature) | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| | SIGNATURE OF NOTARY |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974, Public Law 93-579: Authority for requesting the personal data and the uses are given below.)

1.     FORM NUMBER/TITLE/DATE. EEOC Form 5, CHARGE OF DISCRIMINATION, March 1984.

2.     AUTHORITY. 42 U.S.C.§ 2000e-5(b), 29 U.S.C. §211, 29 U.S.C.§ 626.

3.     PRINCIPAL PURPOSE (S). The purpose of the charge, whether recorded initially on this form or in some other way reduced to writing and later recorded on this form, is to invoke the jurisdiction of the Commission.

4.     ROUTINE USES. This form is used to determine the existence of facts which fall within the Commission's jurisdiction to investigate, determine, conciliate and litigate charges of unlawful employment practice. Information provided on this form will be used by Commission employees to guide the Commission's investigatory activities. This form may be disclosed to other State, local and federal agencies as may be appropriate or necessary to carrying out the Commission's functions. A copy of this charge will ordinarily be served upon the person against whom the charge is made.

5.     WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Charges must be in writing and should identify the parties and action or policy complained of. Failure to have a charge which identifies the parties in writing may result in the Commission not accepting the charge. Charges under Title VII must be sworn to or affirmed. Charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to provide the requested information.

6.     [ ] Under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, this charge will be deferred to and will be processed by the State or local agency indicated. Upon completion of the agency's processing, you will be notified of its final resolution in your case. If you wish EEOC to give Substantial Weight Review to the agency's findings, you must send us a request to do so, in writing, within fifteen (15) days of your receipt of the agency's finding. Otherwise, we will adopt the agency's finding as EEOC's and close your case.

NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of the Civil Rights Act of 1964, as amended, and Section 4(d) of the Age Discrimination in Employment Act of 1967, as amended, state:

     It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed a practice made an unlawful employment practice by this title or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title.

The Equal Pay Act of 1963 contains similar provisions. Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made.

## NOTICE TO
## *PRO SE* PLAINTIFFS
attaching form Complaint

(revised 2/20/2013)



Representing yourself in Court–called appearing *pro se*–is difficult for persons without legal training.  Before doing so, you should consider finding an attorney to take your case.  The following referral services may help you find a lawyer:

1. Atlanta Bar Association (404) 521-0777
   (serving Fulton, Cobb, DeKalb, Douglas, Rockdale, Paulding, Henry, Gwinnett, Clayton, Cherokee, Fayette, and Forsyth Counties)

2. Cobb County Lawyer Referral Service (770) 424-2947
   (serving Cobb, Douglas, Bartow, Cherokee, and Paulding Counties)

3. DeKalb Bar Association Lawyer Referral Service (404) 373-2580
   (serving DeKalb, Fulton, Gwinnett, and Cobb Counties)

4. Attorneys' Confidential Referral Service, Inc. (888) 536-5900
   (serving all Counties in Georgia)

5. Atlanta Volunteer Lawyers Foundation (404) 521-0790
   http://www.avlf.org

If you desire to proceed without a lawyer, the attached form complaint has been prepared for your convenience, but you are not required to use it.  Please write clearly and fill it out to the best of your ability.  **However, completion and filing of this form is no guarantee that your case will succeed.**

You must keep the Clerk of Court informed as to any change in your address or telephone number.  You must also follow the Federal Rules of Civil Procedure and the Local Rules of this Court.  You may obtain a copy of the Federal Rules of Civil Procedure in most public libraries or at the following website: http://www.uscourts.gov/uscourts/rules/civil-procedure.pdf.  You may review this Court's Local Rules in the Clerk's Office, purchase a copy from the Clerk's Office, or access this Court's Local Rules at the following website: http://www.gand.uscourts.gov/pdf/NDGARulesCV.pdf.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### _____ DIVISION

_____

(Print your full name)

    Plaintiff *pro se*,

  v.

_____

_____

(Print full name of each defendant; an
employer is usually the defendant)

   Defendant(s).

CIVIL ACTION FILE NO.

_____

(to be assigned by Clerk)

## *PRO SE* EMPLOYMENT DISCRIMINATION COMPLAINT FORM

### Claims and Jurisdiction

1. This employment discrimination lawsuit is brought under (check only those that apply):

  _____  Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin, or retaliation for exercising rights under this statute.

      **NOTE**: To sue under Title VII, you generally must have received a notice of right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

_____   Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., for employment discrimination against persons age 40 and over, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Age Discrimination in Employment Act, you generally must first file a charge of discrimination with the EEOC.

_____   Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., for employment discrimination on the basis of disability, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Americans With Disabilities Act, you generally must have received a notice of right-to-sue letter from the EEOC.

_____   Other (describe) _____

_____

_____

_____

_____

_____

2.   This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

**Parties**

3.   Plaintiff.   Print your full name and mailing address below:

Name    _____

Address    _____

_____

4.   Defendant(s).   Print below the name and address of each defendant listed
on page 1 of this form:

Name    _____
Address    _____

_____

Name    _____
Address    _____

_____

Name    _____
Address    _____

_____

**Location and Time**

5.   If the alleged discriminatory conduct occurred at a location <u>different</u> from the
address provided for defendant(s), state where that discrimination occurred:

_____

_____

6.    When did the alleged discrimination occur?  (State date or time period)

_____

_____

_____

_____

### **Administrative Procedures**

7.    Did you file a charge of discrimination against defendant(s) with the EEOC or any other federal agency?          _____ Yes          _____ No

      If you checked "Yes," attach a copy of the charge to this complaint.

8.    Have you received a Notice of Right-to-Sue letter from the EEOC?

_____ Yes          _____ No

      If you checked "Yes," attach a copy of that letter to this complaint and state the date on which you received that letter: _____

9.    If you are suing for **age discrimination**, check one of the following:

      _____          60 days or more have elapsed since I filed my charge of age discrimination with the EEOC

      _____          Less than 60 days have passed since I filed my charge of age discrimination with the EEOC

10.  If you were employed by an agency of the State of Georgia or unsuccessfully sought employment with a State agency, did you file a complaint against defendant(s) with the Georgia Commission on Equal Opportunity?

\_\_\_\_\_ Yes          \_\_\_\_\_ No          \_\_\_\_\_ Not applicable, because I was not an employee of, or applicant with, a State agency.

If you checked "Yes," attach a copy of the complaint you filed with the Georgia Commission on Equal Opportunity and describe below what happened with it (i.e., the complaint was dismissed, there was a hearing before a special master, or there was an appeal to Superior Court):

_____

_____

_____

_____

11.  If you were employed by a Federal agency or unsuccessfully sought employment with a Federal agency, did you complete the administrative process established by that agency for persons alleging denial of equal employment opportunity?

\_\_\_\_\_ Yes          \_\_\_\_\_ No          \_\_\_\_\_ Not applicable, because I was not an employee of, or applicant with, a Federal agency.

If you checked "Yes," describe below what happened in that administrative process:

_____

_____

_____

_____

## **Nature of the Case**

12.  The conduct complained about in this lawsuit involves (check only those that apply):

|         |                                                              |
|---------|--------------------------------------------------------------|
| _____ | failure to hire me                                           |
| _____ | failure to promote me                                        |
| _____ | demotion                                                     |
| _____ | reduction in my wages                                        |
| _____ | working under terms and conditions of employment that differed from similarly situated employees |
| _____ | harassment                                                   |
| _____ | retaliation                                                  |
| _____ | termination of my employment                                 |
| _____ | failure to accommodate my disability                         |
| _____ | other (please specify) _____     |

                        _____

13.  I believe that I was discriminated against because of (check only those that apply):

|         |                                                              |
|---------|--------------------------------------------------------------|
| _____ | my race or color, which is _____     |
| _____ | my religion, which is _____      |
| _____ | my sex (gender), which is _____ male _____ female          |
| _____ | my national origin, which is _____      |
| _____ | my age (my date of birth is _____)       |
| _____ | my disability or perceived disability, which is:             |

                        _____

_____  my opposition to a practice of my employer that I believe violated the federal anti-discrimination laws or my participation in an EEOC investigation

_____  other (please specify) _____

                        _____

14.   Write below, as clearly as possible, the essential facts of your claim(s). Describe specifically the conduct that you believe was discriminatory or retaliatory and how each defendant was involved. Include any facts which show that the actions you are complaining about were discriminatory or retaliatory. Take time to organize your statements; you may use numbered paragraphs if you find that helpful. Do not make legal arguments or cite cases or statutes.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(Attach no more than five additional sheets if necessary; type or write legibly only on one side of a page.)

15. Plaintiff _____ still works for defendant(s)

_____ no longer works for defendant(s) or was not hired

16. If this is a disability-related claim, did defendant(s) deny a request for reasonable accommodation? _____ Yes _____ No

If you checked "Yes," please explain: _____

_____

_____

_____

_____

17. If your case goes to trial, it will be heard by a judge <u>unless</u> you elect a jury trial. Do you request a jury trial? _____ Yes _____ No

## **<u>Request for Relief</u>**

As relief from the allegations of discrimination and/or retaliation stated above, plaintiff prays that the Court grant the following relief (check any that apply):

_____ Defendant(s) be directed to _____

_____

_____ Money damages (list amounts) _____

_____

_____ Costs and fees involved in litigating this case

_____ Such other relief as my be appropriate

## <u>PLEASE READ BEFORE SIGNING THIS COMPLAINT</u>

Before you sign this Complaint and file it with the Clerk, please review Rule 11 of the Federal Rules of Civil Procedure for a full description of your obligation of good faith in filing this Complaint and any motion or pleading in this Court, as well as the sanctions that may be imposed by the Court when a litigant (whether plaintiff or defendant) violates the provisions of Rule 11. These sanctions may include an order directing you to pay part or all of the reasonable attorney's fees and other expenses incurred by the defendant(s). Finally, if the defendant(s) is the prevailing party in this lawsuit, costs (other than attorney's fees) may be imposed upon you under Federal Rule of Civil Procedure 54(d)(1).

Signed, this _____ day of _____, 20_____

_____
(Signature of plaintiff *pro se*)

_____
(Printed name of plaintiff *pro se*)

_____
(street address)

_____
(City, State, and zip code)

_____
(email address)

_____
(telephone number)

Fulton County Superior Court
***EFILED***JD
Date: 12/23/2021 2:27 PM
Cathelene Robinson, Clerk

**General Civil and Domestic Relations Case Filing Information Form**

☑ **Superior** or ☐ **State Court of** _Fulton_ **County**

| For Clerk Use Only | |
|---|---|
| Date Filed _12-23-2021_ **MM-DD-YYYY** | Case Number _2021CV358257_ |

**Plaintiff(s)**

_Bragg_   _Racquel_

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

MARRIOTT INTERNATIONAL INC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _____ **State Bar Number** _____ **Self-Represented** ☑

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**        **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

Fulton County Superior Court
***EFILED***JD
Date: 12/23/2021 2:39 PM
Cathelene Robinson, Clerk

# STATE OF GEORGIA

# FULTON COUNTY

□ Magistrate Court □ State Court ☑ Superior Court

Racquel Bragg

Petitioner/Plaintiff, .

2021CV358257

Civil Action File No. _____

v.

Marriott International Inc.

Respondent/Defendant,

## AFFIDAVIT OF INDIGENCY

I am the ☑ Plaintiff/Petitioner (party bringing suit) □ Defendant/Respondent (party responding to suit). I am submitting this Affidavit of Indigency to ask that my court filing fees and costs be waived. I understand that the information I provide will be used by the Court to determine my eligibility to proceed without paying fees or costs. I further understand that a false statement or answer to any question in this affidavit will subject me to penalties for perjury and that state law provides that a person to whom a lawful oath or affirmation has been administered commits the offense of perjury when, in a judicial proceeding, s/he knowingly and willfully makes a false statement material to the issue or point in question. A person convicted of the offense of perjury shall be punished by a fine of not more than $1,000 or by imprisonment for not less than one nor more than ten years, or both. **O.G.C.A. § 16-10-70.**

### A. IDENTIFYING INFORMATION

Name: Racquel Bragg

Address: 3304 Piedmont Road NE Apt 108 Atlanta, GA 30305

Phone: 404-549-2570   Year of Birth: 1979

Single ☑ Married □

### B. DEPENDENTS

1. How many people, not including yourself, do you financially support?   2

   List any dependents on the next page.

Fulton Courts' Uniform Affidavit of Indigency Approved July 27, 2017.

Provided by Fulton County Law Library Board of Trustees.

| Name | Age | Relationship |
|------|-----|--------------|
| Re Anna Muhammad | 20 | Daughter |
| Nina Hombrze Muhammad | 1 | Grand Daughter |
| | | |
| | | |
| | | |

### C. INCOME

1. What is your monthly household income (the combined monthly income of every adult in your household)? __1495__

2. Are you employed? ☐ Yes ☒ No

   If "No", when did you last work? __March 2020__

   If "Yes", give the name and address of your employer:

   _____

   _____

   I am paid ☐ Weekly ☐ Bi-Weekly ☐ Monthly (*check box that applies*)

   What is your gross monthly income (income before taxes): __1495__

   What is your net monthly income (income after taxes): __1495__

3. My income comes from the following sources: [*check all that apply*]

   ☐ Earnings from my job
   ☐ Earnings from business/ self-employment
   ☐ Other work
   ☒ Social Security
   ☒ Disability Insurance or Worker's Compensation
   ☐ Unemployment benefits
   ☐ Pension, annuities or Retirement Benefits
   ☐ Other income or payments regularly received

   ☐ Child Support
   ☐ TANF
   ☐ Alimony
   ☐ SSI
   ☐ VA benefits
   ☐ Gifts or inheritances
   ☐ Life insurance payments
   ☐ Any other sources

Page 2 of 6

Fulton Courts' Uniform Affidavit of Indigency Approved July 27, 2017.

Provided by Fulton County Law Library Board of Trustees.

List amount(s) received from these sources:

Source: *SS Disability (SSDI)*          Monthly Amount: *1495*

_____          _____

_____          _____

_____          _____

4. Supporting documentation

    a. If you have income from an employer, please provide a copy of your most recent pay stub (a document given to employees with each paycheck showing the amount of money the employee earned and the amount that was removed for taxes, insurance costs, etc.)

    b. If you checked any of the other boxes above as a source of income, please provide supporting documentation for that income as well (copies of benefit checks, etc.).

    c. Please provide any other documents relating to and/or supporting your inability to pay court costs.

### D. ASSETS

1. How much money do you currently have on hand, including your checking and savings accounts?

    a. Current amount in checking account $____0____

    b. Current amount in savings account $____0____

    c. Current amount in any other account (*i.e.*, money market, CD, etc.) $____0____

2. Do you have cash on hand that is not in an account? ☐Yes ☒No

    a. If yes, how much? $_____

3. Do you own any stocks or bonds? ☐Yes ☐No

    a. If yes, list and describe

Page 3 of 6

Fulton Courts' Uniform Affidavit of Indigency Approved July 27, 2017.

Provided by Fulton County Law Library Board of Trustees.

_____

_____

4.  Do you own or lease a motor vehicle? ☒Yes ☐No

    a.   If yes, provide year, make, and model::

    Year _____        Make _____        Model _____

    _____              _____              _____

5.  Do you own a home or other real estate? ☐Yes ☒No

    a.   If yes, list below:

    Description              Value              Amount Owed (Mortgage)

    _____        _____        _____

    _____        _____        _____

    _____        _____        _____

## E. EXPENSES

1.  I pay the following bills each month:

    Rent/Mortgage $ 1700      Cell Phone $ 80       Groceries      $ _____

    Doctor/Hospital $ 300     Loans    $ 300        Credit Cards  $ 180

    Car Payment   $ _____     Alimony  $ _____      Child Support $ 0

    Cable/Sat TV  $ 250       Attorneys $ _____     Utilities     $ 300
    Internet Phone
    Other Debts   $ _____     Insurance $ _____     Child Care    $ _____

2.  Please provide supporting documentation of the above listed bills for the court to consider.

## F. OTHER INFORMATION – SPECIAL FINANCIAL CIRCUMSTANCES

Page 4 of 6

Fulton Courts' Uniform Affidavit of Indigency Approved July 27, 2017.

Provided by Fulton County Law Library Board of Trustees.

Are there other circumstances which make it impossible for you to pay the costs of this action that are not explained above (*e.g.*, disability, illness, etc.)? ☒Yes ☐No

If yes, use the space below to explain. Include any facts which will help the Court to determine whether you can afford to pay the required fees:

Visual impairment, Premie Grandaughter, Sudden loss of mother from brain + lung cancer

☐ I had or have a pending bankruptcy. The court case number and year of my bankruptcy is

_____

☐ Other relevant financial information you would like the Court to consider:

_____
_____
_____
_____
_____

## G. OTHER PENDING CASES

1. Do you have any other pending cases? ☐Yes ☒No

   a. If yes, list below:

| Case Number | Type of Case | Status of Case |
|---|---|---|
| | | |
| | | |

   b. If you checked Yes to Question 1 above, did you file an Affidavit of Indigency in the pending case(s)? ☐Yes ☐No

      i. If yes, state the outcome of the Affidavit(s) of Indigency.

      _____
      _____
      _____

2. Other than any Affidavits of Indigency listed above, have you applied for indigent status in the past year? ☐Yes ☒No

Page 5 of 6

Fulton Courts' Uniform Affidavit of Indigency Approved July 27, 2017.

Provided by Fulton County Law Library Board of Trustees.

a.  If yes, was it granted or denied?

_____

_____


b.  Please explain the details.

_____

_____

_____


I, _____, do swear or affirm under penalty of law that the statements contained in this Affidavit are true.  I further attest that I am the ☐ Plaintiff/Petitioner ☐ Defendant/Respondent in this action and that I personally provided the contents of this Affidavit of Indigency.  I have read the summary of the perjury statute set forth above and am aware of the penalties for giving any false information on this form.


Signature of Affiant  _____   Date  12/22/2021
(Sign your name in front of the Notary)


Sworn to and subscribed to me, this
22nd  day of  Dec. , 20 21 .

_Marvin Wooley_
NOTARY PUBLIC
My Commission Expires  1/21/2023
(Notary Seal)

[Notary Seal: MARVIN WOOLEY / NOTARY PUBLIC / COMMISSION EXPIRES Jan. 21, 2023 / DEKALB COUNTY, GA]


Page 6 of 6


Fulton Courts' Uniform Affidavit of Indigency Approved July 27, 2017.

Provided by Fulton County Law Library Board of Trustees.

Fulton County Superior Court
***EFILED***JD
Date: 12/23/2021 2:27 PM
Cathelene Robinson, Clerk

IN THE *Superior* COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| *Racquel Bragg* | ) | |
| Plaintiff / Petitioner, | ) | |
| | ) | Civil Action File No.: 2021CV358257 |
| v. | ) | |
| | ) | |
| *Marriott International Inc* | ) | |
| Defendant / Respondent. | ) | |

<u>ORDER ON AFFIDAVIT OF INDIGENCY</u>

The ☑Petitioner/Plaintiff ☐Respondent/Defendant has presented an *Affidavit of Indigency* to the Court. Pursuant to O.C.G.A. § 9-15-2(d), the Court has reviewed the *Affidavit of Indigency* and the other initial pleadings including _____

☑ **Affidavit Approved** - It appears to the Court that the affiant is unable to pay the Court filing fees in this action. Therefore, the affiant's pleadings shall be filed, and the affiant shall be relieved from paying the filing fee, sheriff's/marshal's service fee, and other required court costs until a final order/judgment is entered or the case is dismissed.

☐ **Affidavit Not Approved (Not indigent)** – After a hearing, the affiant has not demonstrated that the affiant is unable to pay the filing fee and associated costs of this action. Therefore, the affiant shall not be relieved from paying the filing fee, sheriff's/marshal's service fee, or other required court costs.

☐ **Affidavit Not Approved (No justiciable issue)** – It appears to the Court that the pleading filed by the affiant shows on its face such a complete absence of any justiciable issue of law or fact that it cannot reasonably be believed that the Court could grant any relief against any party named in the pleading. It is hereby ORDERED that the affiant's request to file the pleading is hereby DENIED.

SO ORDERED, this **23** day of **December**, **2021**

_____
Presiding Judge
Fulton County Superior Court

*The duration of this Order terminates upon issuance of a Final Order in the case or a dismissal of the action.

Fulton Courts' Uniform Order on Affidavit of Indigency Approved July 27, 2017.
Provided by Fulton County Law Library Board of Trustees.

# EXHIBIT B

Fulton County Superior Court
***EFILED***JD
Date: 2/3/2022 2:08 PM
Cathelene Robinson, Clerk

## AFFIDAVIT OF FOREIGN SERVICE

STATE OF GEORGIA
COUNTY OF FULTON

Case No.    2021CV358257

BRAGG, RACQUEL          Plaintiff,

VS.

MARRIOTT INTERNATIONAL INC          Defendant

STATE OF MARYLAND,          }
COUNTY OF MONTGOMERY          }          §:

DSII KEVIN BORGE, Deputy Sheriff, being duly sworn, deposes and says:

That I am over 21 years of age, not a party to this action, and reside in the State of Maryland.

That on the 12th day of JANUARY, 2022,  at 1235 at 10400 FERNWOOD RD BETHESDA, MD 20817, I served the SUMMONS, COMPLAINT FOR ADA DISCRIMINATION, WRONGFUL TERMINATION, LABOR LAW VIOLATION, VERIFICATION, LETTER DATED 8/19/20, CHARGE OF DISCRIMINATION, NOTICE TO PRO SE PLAINTIFFS, BLANK PRO SE EMPLOYMENT DISCRIMINATION COMPLAINT FORM, GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM, AFFIDAVIT OF INDIGENCY & ORDER ON AFFIDAVIT OF INDIGENCY annexed hereto upon ELENI PLANZOS (RACE: W SEX: F HGT: 510 WGT: 165 AGE: 63) SENIOR PARALEGAL WITH AUTHORITY TO ACCEPT SERVICE, the Defendant, therein by delivering to and leaving personally with the said Defendant a true copy of each thereof.

Deponent further states that at the time of service I knew the person so served as aforesaid to be the same person mentioned and described in the said SUMMONS, COMPLAINT FOR ADA DISCRIMINATION, WRONGFUL TERMINATION, LABOR LAW VIOLATION, VERIFICATION, LETTER DATED 8/19/20, CHARGE OF DISCRIMINATION, NOTICE TO PRO SE PLAINTIFFS, BLANK PRO SE EMPLOYMENT DISCRIMINATION COMPLAINT FORM, GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM, AFFIDAVIT OF INDIGENCY & ORDER ON AFFIDAVIT OF INDIGENCY as the Defendant in this action.

DSII KEVIN BORGE # 6387
Deputy Sheriff, Montgomery County, Maryland

AFFIDAVIT OF FOREIGN SERVICE GA MARRIOTT INTERNATIONAL INC/1-1/14/2022

Sworn to before me this *18th* day of *January* , 20 *22*

Notary Public, State of Maryland

My commission expires: 2/16/25

ADRIANNA E. CRUTCHFIELD
Notary Public
State of Maryland
Montgomery County
My commission exp. February 16, 2025

KB:va

AFFIDAVIT OF FOREIGN SERVICE GA MARRIOTT INTERNATIONAL INC/2-1/14/2022

## MONTGOMERY COUNTY SHERIFF'S OFFICE
## RECORD OF SERVICE

**To Be Served: MARRIOTT INTERNATIONAL INC**
        **Case Number:** 2021CV358257 Jrd:0001
        **CP ID:** 3126775

**Address ID:** 1046408    **Address Type** BUS
        **PRA:** 197
**Address:** **10400 FERNWOOD RD**
        **Bailiwick:** 2 - 02 Civil Section
        **BETHESDA, MD 20817**
        **Deputy:** An Active Officer is not assigned.

**Plaintiff:** BRAGG, RACQUEL

**CaseType:** OUT OF STATE CIVIL         **Court Type:** OTHER

**County/State:** FULTON CO, GA

**Received Date:** 01/10/2022 1156         **Expiration Date:** 02/10/2022

**Paper Type:** OUT OF STATE PROCESS
SUM, COMPL FOR ADA DSCRM, WRONGFUL TERM, LABOR LAW VIOL, VERIFICATION, LTR DATED.8/19/20,
CHARGE OF DSCRM, NTC TO PRO SE PLNS, BLANK PRO SE EMPL DSCRM COMPL FORM, GEN CIVIL AND
DOM REL CASE FILING INFO FORM, AFF OF INDIGENCY & ORD ON AFF OF INDIGENCY

### SERVICE ATTEMPTS

| Addr ID | # | Date/Time | Attempt By | Reason | Reason Description |
|---------|---|-----------|------------|--------|--------------------|
| 1046408 | 1 | 01/12/2022 1235 | 6387 | S | |

**Deputy ID/Name:** 6387         BORGE, KEVIN - MCSO

**Disposition:** SERVED

**Served To Name:** MARRIOTT INTERNATIONAL INC

**Served To Desc:** ELENI PLANZOS (RACE: W SEX: F HGT: 510 WGT: 165 AGE: 63) SENIOR
PARALEGAL WITH AUTHORITY TO ACCEPT SERVICE

**True Test Copy:** _Darren M. Poplin_         **EJS Entry Date:** 01/13/2022

**EJS Entry By:** ARIAS, VICTOR

Fulton County Superior Court
***EFILED***JD
Date: 12/23/2021 2:27 PM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
## 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
### SUMMONS

2021CV358257

Racquel Bragg
**Plaintiff,**

vs.

Marriott International Inc.
**Defendant**

) Case
) No.:_____
)
)
)
)
)
)
)
)
)
)
)
)
)

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon
plaintiff's attorney, whose name and address is:

Racquel Bragg
3564 Piedmont Rd. NE Apt. 108
Atlanta, GA 30305

An answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed
within five (5) business days of such service. Then time to answer shall not commence until such proof of
service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____23rd_____ day of _____Dec_____, 20 21

Honorable Cathelene "Tina" Robinson
Cler~
By_____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sherriff

Was served 1/12/22
12:44 pm
Clerk Reardon?

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

# EXHIBIT C

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

RACQUEL BRAGG,

        Plaintiff,

   v.

MARRIOTT INTERNATIONAL, INC.,

        Defendant.

CASE NO.
2021CV358257

## DEFENDANT'S NOTICE OF FILING OF NOTICE OF REMOVAL

Defendant Marriott International, Inc. ("Marriott" or "Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. § 1446(d), hereby gives notice in the above-captioned action that on February 10, 2022 Defendant filed a Notice of Removal in the United States District Court for the Northern District of Georgia, Atlanta Division, which was served on Plaintiff Racquel Bragg ("Plaintiff"), on February 10, 2022. A copy of the Notice of Removal is attached hereto as Exhibit 1.

Respectfully submitted this 10th day of February, 2022.

/s/ Kadale G. Lubin
**Kadale G. Lubin, Esq.**
Georgia Bar No. 161761
klubin@fordharrison.com
FORD & HARRISON LLP
271 17th Street, NW, Suite 1900
Atlanta, GA  30363
Telephone: 404-888-3856
Facsimile: 404-888-3863

# IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

RACQUEL BRAGG,

       Plaintiff,

   v.

MARRIOTT INTERNATIONAL, INC.,

      Defendant.

CASE NO.
2021CV358257

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 10th 2022, the undersigned counsel filed the

foregoing **Defendant's Notice of Filing of Notice of Removal**, electronically using

the Court's Odyssey eFile GA system and served a copy via U.S. Mail upon Plaintiff:

Racquel Bragg
3564 Piedmont Rd NE Apt 108
Atlanta, Georgia 30305

[SIGNATURE ON FOLLOWING PAGE]

*/s/ Kadale G. Lubin*

**Kadale G. Lubin, Esq.**
Georgia Bar No. 161761
klubin@fordharrison.com
FORD & HARRISON LLP
271 17th Street, NW, Suite 1900
Atlanta, GA  30363
Telephone: 404-888-3856
Facsimile: 404-888-3863

Counsel for Defendant
Marriott International Inc.